UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JERDIE M. HARRIS,

        Plaintiff,

   v.

WASHINGTON MUTUAL, PRO30 FUNDING, CALIFORNIA RECONVEYANCE COMPANY, et al.,

        Defendants.

NO. CIV. S-09-1931 FCD EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the motions of (1) defendants JPMorgan Chase Bank, N.A., Mortgage Electronic Registration Systems, Inc., California Reconveyance Company, et al. (Docket #13) and (2) Gold Coast Mortgage, Inc. and Lois J. Snell (Docket #17) (collectively, "defendants") to dismiss plaintiff Jerdie M. Harris' ("plaintiff") first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] On February 11, 2010, plaintiff filed oppositions to defendants'

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

1

motions, in which she opposed the dismissal of her state law causes of action but agreed to the dismissal of the sole federal claim alleged against defendants pursuant to the Real Estate Settlement Procedures Act ("RESPA"). (Docket #19, 21.) Plaintiff separately filed on March 11, 2010, a statement indicating she did not intend to pursue any federal claims for relief against any named defendants; plaintiff's FAC alleges a RESPA and federal Truth in Lending Act ("TILA") claim against a non-moving defendant Pro30 Funding. (Docket #27)[2]

Based on plaintiff's filings, the court dismisses the RESPA and TILA claims asserted in the FAC. See, e.g. Fed. R. Civ. P. 41(a); Swedberg v. Marotzke, 339 F.3d 1139 (9th Cir. 2003) (a defendant's filing of a motion to dismiss, pursuant to Rule 12(b), does not prevent the plaintiff from later filing a voluntary dismissal).

Dismissal of the RESPA and TILA claims leaves the complaint devoid of any federal claims. The remaining claims are state law claims for violation of the California Rosenthal Act, negligence, breach of fiduciary duty, fraud, violation of California Business and Professions Code § 17200 et seq., breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful foreclosure and elder abuse in violation of California Welfare and Institutions Code § 15600 et seq. (FAC, filed Oct. 16, 2009.)

---

[2] To date, plaintiff has not served Pro30 Funding, and it has not joined in the motions or otherwise appeared in the action.

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims. See Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." Id. at 1001 (citations omitted). Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("In the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.") (quoting Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)). In accordance with Section 1367(c), the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

Plaintiff's complaint is therefore DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: March 15, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE